# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MICHAEL KENNEDY,
8635 N West Road
Salisbury, Maryland 21801

            Plaintiff,

V.

HARRIS & HARRIS, LTD.
111 West Jackson Boulevard, Suite 400
Chicago, Illinois 60604

            Defendant.

CASE No. RDB 14 CV 0913

## COMPLAINT

I.   Jurisdiction in this case is based on:

[ XX ] Federal question (suit is based upon a federal statute or provision of the United States Constitution).

[ XX ] Diversity (none of the defendants are residents of the state where plaintiff is a resident).

[ XX ] Other (explain) _Telephone Consumer Protection Act ("TCPA") of 1991_ and the State of _Maryland Telephone Consumer Protection Act ("MTCPA")._

---

### A.   Introduction.

The plaintiff, Michael Kennedy, acting *pro se*, brings this action for violation of the *Telephone Protection Act* (hereinafter "TCPA"), *47 U.S.C. § 227, et seq.*, and the State of *Maryland Telephone Consumer Protection Act* (hereinafter "MTCPA"), *Md. Commercial Law Code Ann. §§ 14-3201* and *14-3202* (2012), to obtain monetary civil penalties and injunctive or other relief for defendants' violations of the MTCPA and the TCPA Acts. As fully set forth in the complaint, Defendant engaged in a pattern or practice of telephone calls to Plaintiff's cell telephone, utilizing an automatic telephone dialing systems (hereinafter "ATDS") and leave pre-recorded voice messages on plaintiff's cell telephone answering system, in violation of the TCPA, and the regulations set forth in *47 C.F.R. § 64.1200* and under the MTCPA. *Id.* Plaintiff

commences this action to enjoin such calls and to recover damages and or civil penalties for each violation.

B. <u>Jurisdiction and Venue</u>.

(1.) This Court has jurisdiction over this matter under *28 U.S.C. §§ 1331, 1337(a), 1345*, and *1352*.

(2.) Venue is proper in the United States District Court for the District of Maryland under *28 U.S.C. §§ 1391(b) - (c) and 1395(a)*.

(3.) Plaintiff further invokes the pendent jurisdiction of this Court.

C. <u>Parties</u>.

(1.) The Plaintiff in this action is Michael Kennedy, who presently resides at 8635 N West Road, Salisbury, Maryland 21801.

(2.) The Defendant in this action is Harris & Harris, Ltd., a for-profit corporation organized, existing, and doing business under the laws of the State of Illinois. Its principal place of business is located at 111 West Jackson Boulevard, Suite 400, Chicago, Illinois 60604. At all times relevant to this complaint, Defendant Harris & Harris, Ltd., has transacted business in this district.

D. <u>The Complaint In This Matter Is Timely Filed</u>.

The statute of limitations for filing a TCPA and or MTCPA action in accordance with the state laws of Maryland for a comparable civil action is two-years, with the time commencing from the date the facts supporting the claim become known and with the exercise of reasonable diligence. The material documents and factual evidence supporting the instant action became known to Plaintiff in late February 2014. The complaint in this matter is therefore timely filed.

E. <u>Trial Demand</u>.

The Plaintiff in the above-captioned complaint, Michael Kennedy, demands a trial by jury in this matter.

II. <u>Summary of Complaint</u>

(1) Automatic dialing phone systems are capable of delivering a large number of artificial or prerecorded voice messages to homes and businesses in a short period of time. For this reason, such systems have been used for a wide variety of commercial and non-commercial purposes. However, due to the privacy and public safety concerns raised by the use of these

Case 1:14-cv-00913-RDB Document 1 Filed 03/24/14 Page 3 of 7

dialing systems, Congress, as well as the Maryland legislature, enacted the TCPA and MTCPA respectively. The TCPA places restrictions on the use of these dialing systems and empowers the *Federal Communications Commission* (hereinafter "FCC"), to promulgate rules to achieve the purposes of the TCPA. Title *47 U.S.C. § 227(d)* of the TCPA and *47 C.F.R. § 64.1200(b)* of the accompanying FCC rules require that all artificial or prerecorded telephone messages adhere to certain technical and procedural standards. Specifically, these messages are required to contain two disclosures: (1) the identity of the business, individual, or other entity that is responsible for initiating the call, and (2) the telephone number of such business, individual, or other entity that initiated the call. A purpose of the requirement that the sender of the prerecorded message identifying himself or itself is so that the recipients of the messages will better understand why the messages are being sent. A second facet of the restrictions imposed by the TCPA is to prohibit non-telemaketing prerecorded calls to cell telephones without prior expressed oral consent. *Id.* at *(a)(1)(iii)*.

(2.) Commencing on February 20th, 2014, Defendant Harris & Harris, Ltd., began initiating ATDS calls to Plaintiff's cell telephone and leave prerecorded telephone messages. These calls and subsequent messages violated the TCPA, and conversely the MTCPA, because they were initiated without any prior oral consent, did not allow a consumer to opt out of future robo-calls during a robo-call, and did not contain the required disclosures.

III.     Factual Allegations

(3.) Plaintiff's cell telephone number is listed on the national "Do Not Call" registry data book.

(4.) Defendant is neither a non-profit organization nor a covered entity entitled to exemption under the provisions of *47 C.F.R. § 64.1200(a)(2)*.

(5.) Plaintiff has never had any form of business dealings nor connection with Defendant prior to the filing of this complaint.

(6.) Plaintiff has never provided nor given Defendant consent, either orally or in writing, to call Plaintiff's cell telephone utilizing an ATDS and leave prerecorded voice messages on his cell telephone voice message system.

(7.) On or about February 20th, 2014, at approximately 11:28 AM., Defendant began utilizing an ATDS to deliver a series of prerecorded voice messages to Plaintiff's cell telephone voice message system. The message, as recorded on Plaintiff's cell telephone voice message

system, stated as follows:

> We have called several times to reach "blank" and we have not received a return phone call. This is an important matter for "blank." Please deliver this message as soon as possible. Have "blank" call Mr. Scott at 312-893-4809. Thank you. Goodbye.

(8.)  The prerecorded voice message quoted above in ¶ 7 of this complaint did not state either the identity of the individual, business, or other entity responsible for initiating the call or indicate in any fashion that the telephone number provided was for the individual, business, or other entity responsible for initiating the call or its purpose.

(9.)  On or about February 21st, 2014, Plaintiff telephonically contacted Defendant at the telephone number referenced above in ¶ 7 of this complaint. At that time, a female employee of Defendant informed Plaintiff that they required Plaintiff's full name, address, social security number, and current creditors before providing any information regarding the calls or connecting Plaintiff with "Mr. Scott."

(10.)  Defendant omitted the identifying information required by the TCPA in order to disguise the purpose of its call. Had Defendant advised Plaintiff that the calls were being made in order to obtain his personal consumer information, it would have changed a recipient's response - that the Defendant was attempting to obtain consumer's personal information for its own commercial purposes and financial gain.

(11.)  On or about February 22nd, 2014, Plaintiff mailed a cease communication and desist contact letter to the Defendant.

(12.)  On or about March 5th, 2014, at approximately 11:37 AM., Defendant again utilized an ATDS to deliver a prerecorded voice messages to Plaintiff's cell telephone voice message system. The message, as recorded on Plaintiff's cell telephone voice message system, was identical to the voice message identified above in ¶ 7 of this complaint.

(13.)  On or about March 7th, 2014, at approximately 11:08 AM., Defendant again utilized an ATDS to deliver a prerecorded voice messages to Plaintiff's cell telephone voice message system. The message, as recorded on Plaintiff's cell telephone voice message system, was identical to the voice message identified above in ¶ 7 of this complaint.

(14.)  On or about March 11th, 2014, at approximately 12:27 AM., Defendant again utilized an ATDS to deliver a prerecorded voice messages to Plaintiff's cell telephone voice

message system. The message, as recorded on Plaintiff's cell telephone voice message system, was identical to the voice message identified above in ¶ 7 of this complaint.

(15.) On or about March 15th, 2014, at approximately 12:24 AM., Defendant again utilized an ATDS to deliver a prerecorded voice messages to Plaintiff's cell telephone voice message system. The message, as recorded on Plaintiff's cell telephone voice message system, was identical to the voice message identified above in ¶ 7 of this complaint.

(16.) On or about March 20th, 2014, at approximately 2:57 PM., Defendant again utilized an ATDS to deliver a prerecorded voice messages to Plaintiff's cell telephone voice message system. The message, as recorded on Plaintiff's cell telephone voice message system, was identical to the voice message identified above in ¶ 7 of this complaint.

(17.) Defendants' use of an ATDS to deliver prerecorded messages to Plaintiff's cell telephone, without prior consent and regardless of the content or initiator, was a nuisance and a further invasion of Plaintiff's privacy at all times relevant to this complaint.

IV. <u>Cause of Action</u>

(18.) Defendant initiated the above described prerecorded messages to Plaintiff and did not clearly identify those responsible for initiating the telephone calls at issue and did not obtain any prior oral consent to deliver such prerecorded messages to Plaintiff's cell telephone, in violation of *47 U.S.C. § 227 et seq.* of the TCPA and *47 C.F.R. § 64.1200(b)* of the FCC rules. A violation of the TCPA constitutes, conversely, a violation of the MTCPA under Maryland State law.

(19.) Each call initiated by the Defendant in violation of the TCPA and the FCC rules, as identified above in ¶ 9 and ¶¶ 12 - 16 of this complaint, constitute a separate violation. Defendants committed a total of six individual violations. to the actual date of this filing.

(20.) The six individual violations of the TCPA and the FCC rules, as identified above in ¶ 9 and ¶¶ 12 - 16 of this complaint, constitute six separate violations of the MTCPA.

(21.) Defendants' violations of the TCPA and its accompanying FCC rules were knowing and willful.

V. <u>Prayer for Relief</u>

Wherefore, Plaintiff Michael Kennedy respectfully requests that this Court enter judgment against Defendant, jointly and severally, on the claim alleged above and award the following relief:

a. A permanent injunction prohibiting the Defendants from future violations of the TCPA and MTCPA;

b. Monetary damages in the amount of $500 for each violation of *47 U.S.C. § 227 et seq.* of the TCPA contained in this complaint, as authorized by *47 U.S.C. § 227(f)(1)*, which Plaintiff requests be trebled by the Court because Defendants' violations of the TCPA were knowing or willful;

c. Monetary damages in the amount of $500 for each violation of *47 U.S.C. § 227 et seq.* of the TCPA committed *after* the filing of this complaint, as authorized by *47 U.S.C. § 227(f)(1)*, which Plaintiff requests be trebled by the Court because Defendants' violations of the TCPA were knowing or willful;

d. Monetary damages in the amount of $500 for each violation of *Md. Commercial Law Code Ann. §§ 14-3201* and *14-3202* (2012) of the MTCPA contained in this complaint, as authorized by *Section 13-410 (b)*, which Plaintiff requests be trebled by the Court because Defendants' violations of the TCPA and MTCPA were knowing or willful;

e.. Monetary damages in the amount of $500 for each violation of *Md. Commercial Law Code Ann. §§ 14-3201* and *14-3202* (2012) of the MTCPA committed *after* the filing of this complaint, as authorized by *Section 13-410 (b)*, which Plaintiff requests be trebled by the Court because Defendants' violations of the TCPA and MTCPA were knowing or willful;

f. All attorney fees, if any, and costs of the suit; and

g. All other such relief as the Court may deem just and proper.

Respectfully submitted,

Michael Kennedy
Plaintiff, *pro se*

Dated this 21st day of March, 2014.

Michael Kennedy
8635 N West Road
Salisbury, Maryland 21801
(443) 523-0180

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MARYLAND          )
                           )   ss:
COUNTY OF WICOMICO         )

Plaintiff, **MICHAEL KENNEDY**, states as follows:

1.) I am the Plaintiff in this civil proceeding.

2.) I have read the above-entitled civil Complaint prepared by myself and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.) I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.) I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.) I have filed this Complaint in good faith and solely for the purposes set forth in it.

Pursuant to *28 U.S.C. § 1746(2)*, I, **MICHAEL KENNEDY**, hereby declare under penalty of perjury that the foregoing is true and correct.

/s/ Michael E. Kennedy
Plaintiff, *pro se*

Dated this 21st day of March, 2014.

Michael E. Kennedy
8635 N West Road
Salisbury, Maryland 21801
(443) 523-0180